# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| United States of America, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | **ORDER** |
| vs. | ) | |
| | ) | Case No.: 1:19-cr-072 |
| Dale Anthony Burgard, | ) | |
| | ) | |
| Defendant. | ) | |

On May 21, 2019, defendant made his initial appearance and was arraigned in the above-entitled action. AUSA Jeremy Ensrud appeared on the Government's behalf. The Federal Public Defender's office was appointed to represent defendant in ths matter. AFPD Christopher Bellmore appeared on defendant's behalf.

Prior to his initial appearance, defendant was incarcerated by the State of North Dakota at the North Dakota State Penitentiary ("NDSP") in Bismarck, North Dakota. After the Indictment in this case was returned and an arrest warrant issued, a detainer was filed by the United States Marshal with the North Dakota prison officials. Pursuant to the Interstate Agreement on Detainers Act ("IADA"), defendant's appearance before this court for his initial appearance and arraignment was secured by a writ of habeas corpus *ad prosequendum*.

At his initial appearance and arraignment, defendant was advised of his rights under the IADA to continued federal custody until the charges set forth in the Indictment are adjudicated. Defendant waived in open court the anti-shuttling provisions of the IADA and agreed to return to the custody of the State of North Dakota.

Defendant asked to be heard on the issue of release or detention, following his waiver under the IADA. Defendant expressed a hope that some further order would assist in defendant's efforts to qualify for special programming while incarcerated in state custody. The prosecution did not object to such modification and the court believed the request, though novel, was not unreasonable. The court thereafter contemplated some form of modification, though with conditions that would assure defendant's continued availability and the safety of others. Upon further information and consideration, the court sees no merit in such an order. Circumstances may change and there may be a time when conditions for release could be revisited. But, under the present circumstances there is no point in going beyond the regular course as set forth in the IADA.

The court accepts defendant's waiver of his rights under the IADA. Accordingly, defendant is remanded to the custody of the United States Marshal's Service for the purpose of returning defendant to the custody of the "sending state," where he shall be housed pending further proceedings or until further order of the court. Further, pursuant to defendant's waiver, the return of the defendant to his place of incarceration pending trial shall <u>not</u> be grounds under the IADA for dismissal of the charges set forth in the Indictment.

**IT IS SO ORDERED.**

Dated this 21st day of May, 2019.

>*/s/ Clare R. Hochhalter*
>Clare R. Hochhalter, Magistrate Judge
>United States District Court